┌─────────────────────────────────────────────┐
│              **NONPRECEDENTIAL DISPOSITION**        │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 14, 2016
Decided October 31, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1072

| | |
|---|---|
| JAMES J. ABLAN and BEACON REALTY CAPITAL, INC., | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiffs-Appellants,* | |
| *v.* | |
| | No. 11 C 4493 |
| BANK OF AMERICA CORPORATION and MERRILL LYNCH MORTGAGE LENDING, INC., | Charles R. Norgle, *Judge*. |
| *Defendants-Appellees.* | |

**O R D E R**

James Ablan is a financing broker who in 2003 contracted with Tax Strategies Group, a company that purchased commercial properties for resale to investors. The contract made him the company's exclusive financing representative and required Tax Strategies to pay him commissions for loans he secured on its behalf. In 2006 Ablan approached Merrill Lynch in an attempt to secure a loan for an acquisition Tax Strategies was pursuing. Merrill Lynch agreed to finance the acquisition a month later.

Around the same time, however, Tax Strategies terminated its agreement with Ablan and severed their relationship. Protracted litigation ensued over disputed commissions related to the Merrill Lynch loan. Ablan and Tax Strategies eventually settled their dispute.

Ablan then sued Bank of America, Merrill Lynch's successor, alleging that Merrill Lynch: (1) tortiously interfered with his contract with Tax Strategies; (2) failed to fulfill a promise to Ablan that he would receive certain commissions related to the financing agreement and is therefore liable under promissory estoppel; and (3) conspired with Tax Strategies to deprive him of commissions he was owed. The district court, sitting in diversity and applying Illinois law, found no evidence of tortious interference or detrimental reliance and granted summary judgment for Bank of America on all claims. The judge's order did not specifically address the civil conspiracy claim.

On appeal Ablan does not contest the judge's rulings against him on his claims for tortious interference and promissory estoppel. He argues only that the judge overlooked the conspiracy claim and seeks a remand to allow the court to specifically address it.

We review the summary judgment de novo. *Boston v. U.S. Steel Corp.*, 816 F.3d 455, 462 (7th Cir. 2016). A remand would be pointless. To succeed on a civil conspiracy claim, a plaintiff must establish an underlying tort. "It is well settled in Illinois that conspiracy does not of itself constitute an actionable wrong. Instead, conspiracy becomes actionable only when the underlying conduct which is the subject of the conspiracy is independently tortious." *Champion Parts, Inc. v. Oppenheimer & Co.*, 878 F.2d 1003, 1008 (7th Cir. 1989) (internal quotation marks omitted). Ablan insists that Bank of America can be found liable because Merrill Lynch facilitated a breach of his contract with Tax Strategies. But "facilitation" is not a tort. When the judge concluded that Bank of America is not liable under theories of tortious interference or promissory estoppel, the conspiracy claim was necessarily adjudicated and necessarily failed. And when a claim is necessarily adjudicated, a district court need not explicitly address that claim. *See Am. Nat'l Bank & Tr. Co. of Chi. v. Sec'y of Hous. & Urban Dev. of Wash., D.C.*, 946 F.2d 1286, 1290 (7th Cir. 1991).

AFFIRMED.